ANDREW J. GAMBILL, *Appellee,* v. WILLIAM P. BOWEN,
*Appellant.*

No. 16,403.

PLEADINGS—*Demurrer—Practicability of Guarding Machinery—
Factory Act—Injury to Employee.* In an action under the
section of the factory act (Gen. Stat. 1909, § 4679) requiring
certain machinery to be guarded where practicable, an alle-
gation that it was the defendant's duty to guard the cog-
wheels by which the plaintiff was injured held to imply that
such guarding was practicable, no motion having been filed to
make the pleading more definite in that regard.

Appeal from Montgomery district court; THOMAS J.
FLANNELLY, judge. Opinion filed June 11, 1910. Af-
firmed.

*O. P. Ergenbright,* and *T. H. Stanford.* for the appel-
lant; *Stanford & Stanford,* of counsel.

*C. J. Bryant,* for the appellee; *Ziegler & Dana,* of
counsel.

*Per Curiam:* The plaintiff recovered a judgment in
an action based upon the section of the factory act
(Laws 1903, ch. 356, § 4; Gen. Stat. 1909, § 4679) re-
quiring cog gearing in manufacturing establishments
to be safely guarded wherever practicable. On appeal
the defendant maintains that the petition failed to
state a cause of action under the statute because it
contained no allegation that it was practicable to guard
the machinery upon which the plaintiff was injured.
The petition did allege "that it was the duty of the
said defendant . . . to have all of the aforesaid
. . . cogwheels . . . properly and safely
guarded." This was a sufficient averment that such
guarding was practicable, at least in the absence of a
motion to make the pleading more definite in this re-
spect.

The plaintiff's testimony tended to show that he

Farington v. Modern Woodmen.

would not have been injured if he had exercised ordinary care, but whether that fact was conclusively established need not be determined, in view of the decision by this court in another case that contributory negligence constitutes no defense to an action brought under the factory act.  (*Caspar v. Lewin,* ante, p. 604.)

The judgment is affirmed.